**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA,                    CASE NO. 22-CR-20079-FAM-2

        **Plaintiff,**

vs.

GERALDO RODRIGUEZ,

        **Defendant.**

_____/

**DEFENDANT, GERALDO RODRIGUEZ'**
**OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

**COMES NOW** the Defendant, **GERALDO RODRIGUEZ**, by and through his undersigned counsel, and presents herewith, his Objections to the Presentence Investigation Report ("PSI") [D.E. 70], and states as follows:

    1.     **Objection to Paragraph 22: "Chapter Four Enhancement"**

The Defendant objects to Paragraph 22 of the PSI inasmuch as it reads, "Because the defendant was at least eighteen years old at the time he committed the instant offense of conviction, the instant offense of conviction is a felony that is a controlled substance offense, and he has at least two prior felony convictions of either a crime of violence or a controlled substance offense (docket numbers 00-Cr-731-JPG and 12-Cr-536-JGG), the defendant is a career offender. The offense level is 38, § 4B1.1(b)."

Specifically, the Defendant submits that he is not a career offender and the two predicate convictions utilized by the Probation Office to designate the Defendant as a career offender are not proper and do not qualify as predicate convictions so as to designate the Defendant as a career offender as discussed below.

The two predicate convictions, Case No. 00-Cr-731-JPG and Case No. 12-Cr-536-JGG,

both resulted in convictions for conspiracy to possess with intent to distribute cocaine.  Case No. 00-Cr-731-JPG was the result of an arrest that occurred on October 6, 2000, which resulted in a sentence imposed on September 11, 2002.  Case No. 12-Cr-536-JGG was the result of an arrest that occurred on July 7, 2012 which resulted in a sentence imposed on January 13, 2014.

At the time the Defendant was convicted in the above two cases, the federal Schedule II of controlled substances included "ioflupane" as a cocaine-related controlled substance, however that is no longer the case.   Specifically, Schedule II once included ioflupane (indeed, it did at the times Geraldo Rodriguez was convicted of his two cocaine-related prior offenses). When that was the state of affairs, ioflupane was "by definition, a schedule II controlled substance because it is derived from cocaine via ecgonine, both of which are schedule II controlled substances." Schedules of Controlled Substances: Removal of [123 I] Ioflupane from Schedule II of the Controlled Substances Act, 80 Fed. Reg. 54715, 54715.

Later it was determined that ioflupane has value in potentially diagnosing Parkinson's Disease, therefore in September 2015, under 21 U.S.C. § 811, the United States Attorney General "remove[d] the regulatory controls and administrative, civil, and criminal sanctions applicable to controlled substances, including those specific to schedule II controlled substances, on persons who handle or propose to handle ioflupane."   Since that time, ioflupane has not been included on any federal drug Schedule. *See* 21 C.F.R. § 1308.12(b)(4)(ii) (2021) ("except[ing]" ioflupane from current Schedule II).

As a result, ioflupane has not been a federally "controlled substance," as defined in 21 U.S.C. § 802, since September 2015. And consequently, also since that time, a cocaine-related offense that involved only ioflupane has not involved a federally "controlled substance."

That settled, we now must review the elements of Mr. Rodriguez' prior federal cocaine-

related convictions with a brief discussion of the distinction between the elements of a crime and the means of committing a single element. *See Mathis v. United States*, 579 U.S. 500, 504–05, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). The Supreme Court has explained that " '[e]lements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.' " *Id.* at 504, 136 S.Ct. 2243. Alternative means, on the other hand, are different ways to satisfy a single element. *See id.* at 505, 136 S.Ct. 2243.

When a statute lists alternative "elements," rather than alternative "means" of satisfying an element, the statute is "divisible."  In that case, the "modified categorical approach" permits a court to consult a limited class of documents for the sole purpose of ascertaining the elements on which the defendant was actually convicted. *Id*. These documents include a plea agreement, the transcript of a plea colloquy, the charging document, jury instructions, or a "comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).  But when a statute lists alternative means of satisfying a single element, the standard categorical approach governs. *Mathis*, 579 U.S. at 517, 136 S.Ct. 2243.  So *we must consider all listed means of satisfying the elements of the prior federal cocaine offenses* to be able to determine if in-fact those two cocaine convictions qualify as predicate convictions for the career offender designation.

Because we apply the categorical approach in conducting this comparison, we must presume that Mr. Rodriguez' cocaine-related convictions "rested upon nothing more than the least of the acts criminalized or the least culpable conduct." *United States v. Kushmaul*, 984 F.3d 1359, 1364 (11th Cir. 2021). Here, that means we must assume that Mr. Rodriguez previously possessed with intent to distribute ioflupane.

As noted above, in September of 2015 ioflupane was removed from the list of Schedule II

3

controlled substances. Therefore at the time Mr. Rodriguez committed the instant offense (February 5, 2022) federal Schedule II expressly excluded ioflupane as a cocaine-related controlled substance.

It is submitted that inasmuch as the Career Offender designation increases the Defendant's sentence for the instant offense, it must be determined whether the two prior cocaine convictions are qualifying predicate convictions.

Due process thus requires a determination as to which version of the Controlled Substance Act Schedules applies: the version in effect at the time of the Defendant's present case for which he will be sentenced, or the Controlled Substance Act Schedules in effect when he was convicted of his predicate cases.

In the context the ACCA and the determination of which version of the Controlled Substance Act Schedules apply when considering whether prior certain cocaine offenses qualify as predicate convictions, the Eleventh Circuit previously held that *due-process fair-notice considerations require them to apply the version of the Controlled Substance Act Schedules in place when the defendant committed the federal offense for which he is presently being sentenced.* *United States v. Jackson,* 36 F.4th 1294 (11th Cir. - June 10, 2022). However, subsequently on September 8, 2022 the Eleventh Circuit vacated that opinion and ordered the parties to submit further briefing. *United States v. Jackson,* 2022 WL 4959314 (11th Cir. - September 8, 2022).

Regardless of the Court's ordering further briefing in the *Jackson* case, it is submitted that due process fair-notice considerations require the application of the version of the Controlled Substance Act Schedules in place when the defendant committed the federal offense for which he is presently being sentenced.

Therefore, since at the time the Defendant committed the predicate offenses it was possible

4

that the means by which he committed those offenses may have entailed the possession with intent to distribute *ioflupane*, and inasmuch as at the time he committed the present offense for which he will be sentenced *ioflupane* is excluded as a Schedule II controlled substance, those prior convictions should not be used as predicate offenses by which to declare the Defendant a career criminal.  Again, the Controlled Substance Act Schedules in place when the defendant committed the federal offense for which he is presently being sentenced should be used to determine if the prior offenses qualify as predicates for the career offender designation.

2.      **Objection to Paragraph 33:  "Criminal History Computation"**

The Defendant objects to Paragraph 33 of the PSI insofar as it states, "The defendant has a total of nine criminal history points. According to the Sentencing Table in Chapter Five, Part A, nine criminal history points establish a criminal history category of IV. *However, as the defendant is a career offender, the criminal history category is VI, § 4B1.1(b)*." (Emphasis supplied.)

The Defendant objects to the designation of career offender and reavers, realleges, and incorporates by reference the objection to paragraph 22 of the PSI noted above as if set forth fully herein.

3.      **Objection to Paragraph 73: "Sent. Options - Guideline Provisions"**

The Defendant objects to Paragraph 73 of the PSI inasmuch as it reads, "Based upon a total offense level of 35 and a criminal history category of VI, the guideline imprisonment range is 292 to 365 months."

The Defendant affirmatively asserts that when the career offender designation is removed, the appropriate advisory guidelines sentence range should read as follows: Based on a total offense level of 35 and a criminal history category of IV, the *advisory guideline imprisonment range* is

**235 to 293 months** before the application of any applicable downward departures and/or variances that this Honorable Court may deem appropriate.

      **WHEREFORE**, the Defendant, **GERALDO RODRIGUEZ**, respectfully prays that this Honorable Court sustain the within objections to the Presentence Investigation Report and direct the United States Probation Office to amend the Presentence Investigation Report as requested herein.

Respectfully submitted,

Ana M. Davide, Esq.
Florida Bar No. 875996
420 South Dixie Highway. Suite 4B
Coral Gables, Florida 33146
Telephone: (305) 854-6100
Fax: (305) 854-6197
E-mail: ana@anadavidelaw.com
(Counsel for Defendant, *Geraldo Rodriguez.)*

*/s/ Ana M. Davide*_____
Ana M. Davide, Esq.

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that on this 13th day of October, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Ana M. Davide*_____
Ana M. Davide, Esq.

6

## SERVICE LIST

**United States of America v. Geraldo Rodriguez**
**Case No. 22-CR-20079-FAM-2**
**United States District Court, Southern District of Florida**

Michele S. Vigilance, A.U.S.A.
U.S. Attorney's Office
99 NE 4th Street
Miami, FL
305-961-9279
Fax: 305-536-5566
Email: michele.vigilance@usdoj.gov

Annika Marie Miranda, A.U.S.A.
United States Attorney's Office - SDFL
99 N.E. 4th Street
7th Floor
Miami, FL 33132
305-961-9303
Email: annika.miranda@usdoj.gov

Sandra Italiano
U.S. Probation Officer
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, 9th Floor South
Miami, FL 33128
305-523-5360 (Office)
Sandra_Italiano@flsp.uscourts.gov